## The Atlantic Refining Co. v. Wright Motor Sales Co.

*Hopkin T. Rowlands*, for plaintiff.

*Bartel E. Ecker*, for defendant.

APONICK, P. J., May 8, 1959.—This case comes before the court on a rule to show cause why a preliminary injunction should not issue to restrain defendant from selling Atlantic gasoline at a price lower than the stipulated minimum prices now or hereafter established therefor by plaintiff. The action is brought under the Fair Trade Act of June 5, 1935, P. L. 266, 73 PS §7, et seq., as amended.

The facts have been stipulated of record. There is no doubt that plaintiff and Atlantic products are within the purview of the Fair Trade Act. The only question to be decided is whether or not, under the facts of this case, defendant is also subject to its provisions.

On December 20, 1955, plaintiff and defendant entered into the usual dealer's contract by which defendant agreed to sell the products of plaintiff under certain terms and conditions. There is nothing in that

contract about the price at which the products are to be sold. On December 5, 1958, plaintiff entered into a fair trade contract with a dealer in the same area as defendant's place of business. Defendant was duly notified of his contract. In accordance with the provisions of section 2 of the Fair Trade Act, as amended, 73 PS §8, this made him amenable to the act if all other factors were present.

However, in our opinion, despite the agreement of December 5, 1958, and the provisions of the Fair Trade Act, defendant was not bound by the provisions of the act. Section 1 of the Fair Trade Act, 73 PS §7, in substance provides that no contract providing for the fixing of the retail price of a commodity which bears the trade mark, brand or the name of the producer or owner and which is in fair and open competition, shall be deemed in violation of any law of the State of Pennsylvania. It can be seen from that, that the act is not binding on all persons, but only those who decide to come within its terms. It only makes legal what was illegal before its passage in 1935.

When plaintiff and defendant entered into the dealer's agreement on December 20, 1955, plaintiff had not elected to take advantage of the provisions of the Fair Trade Act. There is nothing in that agreement as to price fixing and it was not until 1958 that plaintiff decided to do so. On that date, however, defendant had a valid and binding agreement which, under its terms, runs until December 26, 1964. Defendant had entered into that contract in good faith and now plaintiff is attempting to add another clause, to wit, that he cannot sell at any price less than that fixed by plaintiff.

In our opinion, the fair trade agreement of December 5, 1958, is not applicable to this defendant, particularly in view of the fact that his contract "may not be changed except by a written agreement executed by both parties." Certainly, to hold that the Fair Trade

Act is now applicable would be such a "change" without the consent of both parties.

Plaintiff referred us to two cases: Sinclair Refining Co. v. Schwartz, Philadelphia Common Pleas No. 5, no. 3216, in equity; Sun Oil Company v. Brewster, Superior Court of New Jersey, Chancery Division, Ocean County, Docket no. C-2634-55. Both of those cases are unreported. In both of the cases, upon facts similar to this, the court held that the Fair Trade Act applied. We have read both of those cases with great care and we think that the decisions are erroneous. Therefore, they will not be followed.

For the foregoing reasons, the injunction must be refused.

Accordingly, the rule to show cause why an injunction should not issue is discharged.